**YEN PILCH ROBAINA & KRESIN PLC**
6017 N. 15th Street
Phoenix, Arizona 85014
Telephone: (602) 682-6450
Ty D. Frankel (027179)
TDF@yprklaw.com

**YEN PILCH ROBAINA & KRESIN PLC**
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
Telephone: (619) 756-7748
Patricia N. Syverson (020191)
PNS@yprklaw.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Barnett, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Concentrix Solutions Corporation, a New York corporation, and Concentrix CVG Customer Management Group, Inc., an Ohio corporation,<br><br>Defendants. | Case No. _____<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Adam Barnett ("Plaintiff"), individually and on behalf of all others similarly situated, for his Complaint against Defendants Concentrix Solutions Corporation and Concentrix CVG Customer Management Group, Inc. (collectively "Concentrix" or "Defendants") alleges as follows:

### I. NATURE OF THE CASE

1. Plaintiff, on behalf of himself and all those similarly situated, brings this action against Concentrix for its failure to pay him all wages due, including regular time

- 1 -

and overtime, and Paid Sick Time, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), Arizona wage law, A.R.S. § 23-350 *et seq.* ("Arizona Wage Statute"), and Arizona Paid Sick Time law, A.R.S. § 23-371 *et seq.* ("Arizona Paid Sick Time Statute").

2. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, and damages owed to Plaintiff and all others similarly situated. For collective action purposes, the proposed class consists of:

> **All current and former Customer Representatives who were employed by Concentrix within the last three years prior to the filing of this Complaint.**

3. This lawsuit is also brought as a class action under Federal Rule of Civil Procedure 23, to recover unpaid compensation, unpaid Paid Sick Time, and statutory damages resulting from Concentrix's violations of the Arizona Wage Statute and the Arizona Paid Sick Time Statute. For class action purposes, the proposed Class consists of:

> **All current and former Customer Representatives employed by Concentrix in Arizona from February 18, 2019 to the present.**

4. For at least three (3) years prior to the filing of this action (the "Liability Period"), Concentrix had and continues to have a consistent policy and practice of suffering or permitting employees who worked as Customer Representatives, including Plaintiff, to work more than forty (40) hours per week, without paying them proper overtime compensation and wages due as required by federal and state wage and hour laws. Plaintiff seeks to recover unpaid overtime compensation, including interest thereon, statutory penalties, reasonable attorneys' fees, and litigation costs on behalf of himself and all similarly situated current and former Customer Representatives. Plaintiff and all similarly

situated current and former Customer Representatives who may opt-in pursuant to 29 U.S.C. § 216(b) also seek liquidated damages.

5. Plaintiff intends to request the Court authorize notice to all similarly situated persons informing them of the pendency of the action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking overtime compensation and liquidated damages under federal law.

6. Plaintiff intends to request the Court certify the State law claims as a class action under Fed. R. Civ. P. 23, for the purposes of seeking unpaid wages and Paid Sick Time and statutory damages under Arizona law.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Plaintiff's state law claims are sufficiently related to the FLSA claim that it forms part of the same case or controversy. This Court has supplemental jurisdiction over Plaintiff's claims under the Arizona Wage Statute and Arizona Paid Sick Time Statute pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District. Plaintiff was employed by Concentrix in this District.

## III. PARTIES

10. At all times relevant to the matters alleged herein, Plaintiff Adam Barnett resided in the State of Arizona in Maricopa County.

11. Plaintiff is a full-time, non-exempt employee of Concentrix employed as a Customer Representative in Arizona from October 11, 2021 until the present.

12. As a Customer Representative for Concentrix, Plaintiff is paid an hourly wage of $20.00 per hour.

13. Pursuant to 29 U.S.C. § 216(b), attached to and filed with this Complaint as Exhibit A is the Consent to be Named Plaintiff and Opt In to Lawsuit signed by the above-named Representative Plaintiff, Adam Barnett, opting him in to this lawsuit.

14. Defendant Concentrix Solutions Corporation is a New York for-profit corporation.

15. Defendant Concentrix Solutions Corporation has employees that handle, sell, or otherwise work on goods or materials that have moved in or produced for commerce, such as computer equipment and software.

16. At all relevant times, Defendant Concentrix Solutions Corporation had a gross volume of sales made or business done that exceeded $500,000 per year.

17. Defendant Concentrix Solutions Corporation's registered agent for service of process is CT Corporation System at 3800 N. Central Avenue, Suite 460, Phoenix, Arizona 85012.

18. Defendant Concentrix CVG Customer Management Group, Inc. is an Ohio for-profit corporation.

19. Defendant Concentrix CVG Customer Management Group, Inc. has employees that handle, sell, or otherwise work on goods or materials that have moved in or produced for commerce, such as computer equipment and software.

20. At all relevant times, Defendant Concentrix CVG Customer Management Group, Inc. had a gross volume of sales made or business done that exceeded $500,000 per year.

21. Defendant Concentrix CVG Customer Management Group, Inc.'s registered agent for service of process is CT Corporation System at 3800 N. Central Avenue, Suite 460, Phoenix, Arizona 85012.

22. Defendant Concentrix Solutions Inc. and Defendant Concentrix CVG Customer Management Group, Inc. exercise their authority to control the day-to-day operations of the business where Plaintiff and the Customer Representatives work,

including matters related to setting and paying compensation to the Customer Representatives, such that they are liable to Plaintiff and the Customer Representatives as an employer.

23. Defendant Concentrix Solutions Inc. and Defendant Concentrix CVG Customer Management Group, Inc. acted jointly as the employer of Plaintiff and the proposed collective and class members and have been engaged in interstate commerce as that term is defined for purposes of liability in this action.

24. Plaintiff and the other similarly situated Customer Representatives are employees as defined in 29 U.S.C. § 203(e)(1), A.R.S. § 23-350(2), and A.R.S. § 23-371(F) and are non-exempt employees under 29 U.S.C. § 213(a)(1).

25. At all relevant times, Defendant Concentrix Solutions Inc. and Defendant Concentrix CVG Customer Management Group, Inc. were employers as defined by 29 U.S.C. § 203(d), A.R.S. § 350(3), A.R.S. § 23-371(G).

## IV.  FACTUAL BACKGROUND

26. Concentrix provides marketing through technology solutions for customers throughout the United States.

27. Concentrix employs hundreds of Customer Representatives in Arizona primarily to answer service-related questions for individuals who contact Concentrix.

28. Plaintiff has been employed by Concentrix as a Customer Representative performing telephone sales and service for Concentrix customers in Arizona from October 11, 2021 until the present.

29. Plaintiff and the Customer Representatives are paid an hourly rate by Concentrix.

30. Plaintiff's hourly rate is $20 per hour.

31. Customer Representatives like Plaintiff are also supposed to receive non-discretionary incentive pay.

32. The incentive pay is based on mathematical formulas set by Concentrix. If the Customer Representatives satisfy the mathematical goal set by the incentive pay formula, then Concentrix must pay them the incentive pay they have earned.

33. Concentrix provides one type of incentive pay in which it calculates the percentage attainment of a monetary goal set for the Customer Representatives. If they achieve the percentage attainment goal when applying Concentrix's incentive pay formula, they will receive an incremental dollar per hour increase in their rates of pay up to $5.

34. Concentrix also provides another type of incentive pay in which Plaintiff and the Customer Representatives are paid $10 per Spiff building campaign that they complete.

35. Concentrix routinely failed to pay Plaintiff the incentive pay that he earned.

36. For example, Plaintiff completed 13 Spiff building campaigns verified by his manager in December 2021, for which he should have been compensated $130 in incentive pay. However, Concentrix only compensated Plaintiff $40 in incentive pay, resulting in unpaid wages to Plaintiff.

37. Concentrix also requires Plaintiff to perform work off the clock.

38. Plaintiff typically works five days a week from 6:00 a.m. until 2:30 p.m.

39. Plaintiff's pay stubs do not reflect the amount of time he actually worked, resulting in unpaid straight time and unpaid overtime.

40. For example, his pay stubs indicate that at most he was paid for 79.96 hours for the pay period from October 17, 2021 until October 30, 2021. His pay stubs indicate periods in which he was paid for as few as 14.75 hours for the pay period of January 23, 2022 until February 5, 2022. From October 31, 2021 until November 13, 2021, Plaintiff's pay statement indicates that he was paid for 54.16 hours.

41. Plaintiff was routinely required to work off the clock, although his pay statements fail to account for all the hours he worked according to his schedule and the additional hours he was required to work in addition to his regular schedule during the typical week.

- 6 -

42. Concentrix fails to pay Plaintiff all the hours he worked and fails to account for the time he was required to work off the clock, including the ten to fifteen minutes before his shift and as many as thirty minutes after his shift concluded resulting in unpaid straight time and overtime.

43. Plaintiff and the other Customer Representatives were responsible for handling customer service and troubleshooting calls on behalf of Defendants' clients.

44. To carry out, effectuate, and complete his assigned work tasks, Plaintiff and Defendants' other Customer Representatives are required to use multiple computer programs, software programs, servers, and applications, while performing their job duties. These programs, servers, and applications are an integral part of their work because they cannot perform their jobs without them.

45. Concentrix failed to pay Plaintiff and the other Customer Representatives for off-the-clock work performed prior to the beginning of their scheduled shifts and after the end of their scheduled shifts.

46. Plaintiff and the Customer Representatives are required to start-up and log-in to various secure computer programs, software programs, and applications to access information and software to perform their work. The start-up and log-in process takes substantial time on a daily basis ranging from ten to fifteen minutes per day, or even as much as thirty minutes when technical issues arise.

47. Plaintiff and the Customer Representatives are not actually clocked-in for their shifts during the time it takes to complete the login process, meaning that Plaintiff and the Customer Representatives work at least ten to fifteen minutes before their shift that they are never compensated for.

48. Plaintiff and the Customer Representatives are required to shut down and log-out of the computer programs, software programs, and applications they used during their shift after they log-out of Concentrix's timekeeping system. The log-out and shutdown

1  process take substantial time on a daily basis with that time ranging from ten to fifteen
2  minutes per day or even as much as thirty minutes per day when there is a technical issue.

3  　　　49.　　Plaintiff and the Customer Representatives must complete the shutdown and
4  log-out process duties off the clock, resulting in Concentrix not paying them for ten to
5  fifteen minutes per day in connection with their post shift shutdown and log-out process.

6  　　　50.　　In addition, Plaintiff and the Customer Representatives must complete calls
7  with Concentrix's clients and attend meetings after they are clocked out for the day,
8  resulting in them having to work off the clock for not less than thirty minutes after their
9  shifts have concluded approximately three to four days per week.

10 　　　51.　　Concentrix failed to properly pay Plaintiff and the Customer Representatives
11 all the overtime wages they are due, despite recognizing that the Customer Representatives
12 are entitled to overtime and paying them for hours worked over forty at an improper
13 overtime rate.

14 　　　52.　　For example, Plaintiff was required to attend thirty minute huddle meetings
15 after the conclusion of his shift when he was already clocked out on a daily basis.  He
16 complained to his manager about having to attend the huddle meetings when he was not
17 clocked in, and his manager responded that he would be written up if he chose not to attend
18 the mandatory meetings.

19 　　　53.　　Concentrix's failure to pay wages resulted in part because it failed to maintain
20 accurate records of its Customer Representatives time and payroll in violation of the FLSA,
21 including records sufficient to accurately determine the wages and hours of employment for
22 Plaintiff and the similarly situated Customer Representatives.

23 　　　54.　　Concentrix's failure to maintain accurate payroll records resulted in Plaintiff
24 and the similarly situated Customer Representatives not receiving wages for time that they
25 worked.

26 　　　55.　　Concentrix failed to pay Plaintiff and the Customer Representatives the
27 proper overtime rate.  Concentrix did not factor into Plaintiff's regular rate of pay the
28

amount of non-discretionary incentive pay he earned each week. As a result, Plaintiff's overtime rate was only based on his regular hourly rate, and the overtime rate failed to take into account his total compensation, including non-discretionary incentive pay Plaintiff earned.

56. Plaintiff routinely works in excess of forty (40) hours per week as part of his regular schedule as a Customer Representative, including many hours for which he was required to work off the clock.

57. Despite having worked numerous hours of overtime, Plaintiff was not paid proper overtime wages at a rate of one and one-half times her regular rate of pay for hours worked over forty in a work week.

58. Concentrix failed to factor in incentive pay earned into the overtime rate in violation of the FLSA.

59. Concentrix also failed to timely pay Plaintiff all the wages that he was due in violation of the Arizona Wage Statute, including incentive pay he earned and for regular hours worked off-the-clock.

60. Concentrix also failed to pay Plaintiff and the Customer Representatives for Paid Sick Time and promised Paid Time Off that they earned, were entitled to use, and were unlawfully denied in violation of the Arizona Wage Statute and Arizona Paid Sick Time Statute.

61. Concentrix failed to provide Plaintiff and the Customer Representatives the notice they are required to receive regarding Paid Sick Time, including notice of their rights under the Arizona Paid Sick Time Statute and the amount of Paid Sick Time they had used, accrued, and available to use with their pay statements.

62. Plaintiff's duties, hours and compensation are indicative of the similarly situated Customer Representatives.

63. Concentrix's improper policies and compensation practices applied to Plaintiff and all similarly situated Customer Representatives he intends to represent.

64. For example, Concentrix provided its employees, including Plaintiff, with written policies and procedures uniformly applicable to all Customer Representatives governing the compensation practices applicable to them.

65. All the Customer Representatives are uniformly subject to the same unlawful compensation practices that Plaintiff was subject to during his employment at Concentrix.

## V.  COLLECTIVE ACTION ALLEGATIONS

66. Plaintiff brings his claim under the FLSA, 29 U.S.C. § 201 *et seq.*, as a collective action. Plaintiff brings this action on behalf of himself and others similarly situated, properly defined in paragraph 2 above.

67. Concentrix's illegal overtime wage practices were widespread with respect to the proposed Class. The failure to pay proper overtime was not the result of random or isolated individual management decisions or practices.

68. Concentrix's overtime wage practices were routine and consistent. Throughout the Liability Period, Customer Representatives regularly were not paid the proper overtime wage despite working in excess of forty hours per week.

69. Other Customer Representatives performed the same or similar job duties as Plaintiff. Moreover, these Customer Representatives regularly worked more than forty hours in a workweek. Accordingly, the Customer Representatives victimized by Concentrix's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

70. Concentrix's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the others employed by Concentrix.

71. All Customer Representatives, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in

excess of forty (40). Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

## VI.  CLASS ACTION ALLEGATIONS

72. The state law claims under the Arizona Wage Statute and the Arizona Paid Sick Time Statute are brought as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3). The Class is defined in paragraph 3 above.

73. Throughout the Liability Period, Concentrix has employed hundreds of Customer Representatives in Arizona. The Class is therefore so numerous that joinder of all members is impracticable. Members of the Class can readily be identified from business records maintained by Concentrix.

74. Proof of Concentrix's liability under the Arizona Wage Statute and Arizona Paid Sick Time Statute involves factual and legal questions common to the Class. Whether Defendants paid Class members the proper wages due in accordance with A.R.S. §§ 23-351, 23-353, 23-355 is a question common to all Class members, including whether they were paid all the wages, incentive pay, and PTO earned. Similarly, whether Defendants paid Class members the Paid Sick Time due in accordance with A.R.S. § 23-371 *et seq.* is a question common to all Class members, including but limited to whether Defendants failed to pay the Paid Sick Time and failed to follow the notice requirements of the Arizona Paid Sick Time Statute.

75. Like Plaintiff, all Class members worked without being paid statutorily required wages and Paid Sick Time. Plaintiff's claim is therefore typical of the claims of the Class.

76. Plaintiff has no interest antagonistic to those of other Class members and has retained attorneys who are knowledgeable in wage and hour and class action litigation. The interests of Class members are therefore fairly and adequately protected.

77. This action is maintainable as a class action under Rule 23(b)(3) because questions of law or fact common to the Class predominate over any questions affecting only individual members.

78. In addition, a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Arizona Wage Statute and Arizona Paid Sick Time Statute recognizes that employees who are denied their wages and Paid Sick Time often lack the ability to enforce their rights against employers with far superior resources. Further, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it difficult for members of the Class to individually redress the wrongs done to them.

79. Plaintiff's Arizona Wage Statute claim and Arizona Paid Sick Time Statute claim are easily managed as a class action. The issue of liability is common to all Class members. Although the amount of damages may differ by individual, the damages are objectively ascertainable and can be straightforwardly calculated.

## VII. COUNT ONE

**(Failure to Properly Pay Overtime Wages and Record Keeping Violations –**

**FLSA – 29 U.S.C. § *207 et seq.*)**

80. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

81. Plaintiff and the Customer Representatives were non-exempt employees entitled to the statutorily mandated overtime pay according to the FLSA.

82. Concentrix was an employer pursuant to 29 U.S.C. § 203(d).

83. Concentrix failed to comply with 29 U.S.C. § 207 because Plaintiff and the Customer Representatives worked for Concentrix in excess of forty hours per week, but Concentrix failed to pay Plaintiff and the Customer Representatives for those excess hours at the statutorily required rate of one and one-half times Plaintiff's regular rate of pay as required by the FLSA.

84. Concentrix's failure to pay overtime to Plaintiff and the Customer Representatives was willful. Concentrix knew Plaintiff and the Customer Representatives were working overtime but failed to properly pay overtime wages. Concentrix had no reason to believe its failure to pay overtime was not a violation of the FLSA.

85. At all relevant times, Concentrix willfully, regularly, and repeatedly failed, and continues to fail to make, keep, and preserve accurate time records required by the FLSA with respect to Plaintiff and the other similarly situated Customer Representatives, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiff and the Customer Representatives.

86. Plaintiff and the Customer Representatives are entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees and costs.

## VIII.  COUNT TWO

**(Failure to Pay Timely Wages Due - Arizona Wage Statute –**

**A.R.S. § 23-350 *et seq.*)**

87. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

88. Concentrix was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

89. Concentrix was aware that, under A.R.S. §§ 23-351-353, it was obligated to pay all wages due to Plaintiff and the Customer Representatives.

90. Concentrix failed to timely pay Plaintiff and the Customer Representatives wages they were due without a good faith basis for withholding the wages.

91. Concentrix has willfully failed and refused to timely pay wages due to Plaintiff and the Customer Representatives.

92. As a result of Concentrix's unlawful acts, Plaintiff and the Customer Representatives are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## IX.  COUNT THREE

**(Failure to Pay Paid Sick Time – Arizona Paid Sick Time Statute – A.R.S. § 23-371 *et seq.*)**

93. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

94. Arizona has adopted the Arizona Paid Sick Time Statute mandating that an employee may use his or her Paid Sick Time for any qualifying reason pursuant to A.R.S. § 23-373.

95. Any employer who fails to pay wages or earned Paid Sick Time under the statute shall be required to pay the employee the balance of the wages or earned Paid Sick Time due, including interest thereon, and an additional amount equal to twice the underpaid wages or earned Paid Sick Time.

96. Concentrix failed to pay Plaintiff and the Customer Representatives Paid Sick Time they were due in violation of the Arizona Paid Sick Time Statute.

97. In addition, Concentrix failed to provide Plaintiff and the Customer Representatives requisite notice of their rights under the Arizona Paid Sick Time Statute and the amount of Paid Sick Time they had available, accrued, and used with their regular pay statements.

98. Plaintiff and the Customer Representatives are entitled to damages resulting from violations of A.R.S. § 23-371 *et seq.* including those outlined in A.R.S. § 23-364 (G).

## X.  REQUESTED RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays:

A. For the Court to order Concentrix to furnish to Plaintiff's counsel a list of the names, cell phone numbers, email addresses, and addresses of all current and former Customer Representatives who worked in Arizona for the past three years;

B.  For the Court to authorize Plaintiff's counsel to issue notice at the earliest possible time to all current and former Customer Representatives who worked in Arizona in the past three years immediately preceding this Complaint, informing them that this action has been filed and the nature of the action, and of their right to opt-into this lawsuit if they worked hours in excess of forty (40) hours in a week during the Liability Period, but were not paid overtime as required by the FLSA;

C.  For the Court to certify the State law claims as a class action under Fed. R. Civ. P. 23;

D.  For the Court to declare and find that Concentrix committed one or more of the following acts:

    i.  violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff and persons similarly situated who opt-in to this action;

    ii.  willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

    iii.  willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

    iv.  willfully violated the Arizona Paid Sick Time Statute by failing to pay Paid Sick Time due to Plaintiff and failing to provide requisite notice required by the law;

E.  For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355 and damages allowable for violations of A.R.S. § 23-371 *et seq.* including those outlined in A.R.S. § 23-364, to be determined at trial;

F.  For the Court to award interest on all compensation due accruing from the date such amounts were due;

G.  For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

H.  For the Court to award restitution;

I. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

J. For the Court to award pre- and post-judgment interest;

K. For the Court to award Plaintiff's resulting consequential damages, in an amount to be proven at trial; and

L. For such other relief as the Court deems just and proper.

## XI.  DEMAND FOR JURY TRIAL

99. Plaintiff, on behalf of himself and all others similarly situated, hereby demands trial of his claims by a jury to the extent authorized by law.

DATED: February 18, 2022

                    YEN PILCH ROBAINA & KRESIN PLC
By   /s/Ty D. Frankel
Ty D. Frankel
6017 N. 15th Street
Phoenix, Arizona 85014
Telephone: (602) 682-6450
Facsimile: (602) 682-6455

YEN PILCH ROBAINA & KRESIN PLC
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
Telephone: (619) 756-7748

Attorneys for Plaintiff