**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Barnett, | No. CV-22-00266-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Concentrix Solutions Corporation, et al., | |
| Defendantss. | |

Pending before the Court is Defendants' Motion to Stay Plaintiff's Motion for Conditional FLSA Certification (Doc. 27), filed on April 25, 2022. Plaintiff need not file a response because the Motion is denied.

District courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). When determining whether a stay is appropriate, courts weigh the length of the stay against "the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

Here, Defendants seeks to stay the briefing on Plaintiff's Motion for Conditional Certification (Doc. 19) until after the Court has ruled on its Motion to Dismiss (Doc. 12). Defendants argue that the stay will prevent the parties from litigating what may be a "potentially moot issue" if the Motion to Dismiss is granted. (Doc. 27 at 5). It also argues that it "will have to expend considerable resources" in crafting its response to the Motion for Conditional Certification. (*Id.* at 4). Finally, Defendants argue that it would waste

judicial resources to resolve the Motion for Conditional Certification before resolving the Motion to Dismiss.

First, no judicial resources would be expended while the Court waits for the parties complete the briefing on the Motion for Conditional Certification. In addition, it would take little time for the Court to determine whether the Motion to Dismiss moots the Motion for Conditional Certification. Therefore, no judicial resources would be wasted in allowing the parties to complete their briefing.

Second, the only burden Defendants claims for itself is the preparation of a response to the Motion for Conditional Certification. Had Defendants filed its Motion to Stay earlier, this point may have been more persuasive. The Local Rules of Civil Procedure provide that a party "shall . . . have fourteen (14) days" to "file a responsive memorandum." LRCiv 7.2(c). Plaintiff filed its Motion for Conditional Certification on April 19, 2022, which sets Defendants' deadline to respond for April 29, 2022. Defendants elected to file its Motion to Stay on April 25, 2022, four days before the deadline. By the normal briefing schedule, Plaintiff is entitled to fourteen days in which to respond to the Motion to Stay, but at that point, Defendants would already have been required to file a response to the Motion for Conditional Certification. By then, the only identifiable burden alleviated by a stay would be moot.

Defendants go further to represent that crafting a response will require it to "conduct factual discovery on Plaintiff's allegations and interview employees regarding Plaintiff's allegations that there was a uniform violative policy or procedure." (Doc. 27 at 5). All this, Defendants imply, would need to be completed in the four days before its deadline to respond. But to the extent Defendants argue that the urgency to complete this work imposes a burden on it, the Court rejects such argument because Defendants have not diligently sought a stay.

In sum, the Court finds that Defendants' justification is too weak to grant the requested stay. *See Yong*, 208 F.3d at 1119.

/ / /

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay (Doc. 27) is **DENIED**.

Dated this 26th day of April, 2022.

Honorable Diane J. Humetewa
United States District Judge