**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Barnett, | No. CV-22-00266-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Concentrix Solutions Corporation, et al., | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss Plaintiff's Collective and Class Action Complaint (Doc. 12) filed by Defendants Concentrix Solutions Corporation and Concentrix CVG Customer Management Group Incorporated (collectively "Concentrix"). Plaintiff Adam Barnett ("Plaintiff") filed a Response (Doc. 23) and Concentrix filed a Reply (Doc. 34). Also pending is Plaintiff's Motion to Certify Class, to Authorize Notice, and for Expedited Discovery (Doc. 19) and Plaintiff's Motion for Leave to File Under Seal exhibits therein (Doc. 20). Concentrix filed a Response (Doc. 35) and Plaintiff filed a Reply (Doc. 41). For the following reasons, the Court grants Concentrix's Motion to Dismiss and, consequently, denies Plaintiff's Motion to Certify Class and Motion for Leave to File Under Seal as moot.

## I.    Background

Plaintiff seeks to lead a collective class action against Concentrix for allegedly violating Federal and Arizona State labor laws. Defendant Concentrix Solutions Corporation, a New York for-profit corporation (Doc. 1 at ¶ 14), and Defendant Concentrix

CVG Customer Management Group Incorporated, an Ohio for-profit corporation (*Id*. at ¶ 18), jointly provide marketing services through technology solutions for customers throughout the United States. (*Id*. at ¶ 26). On October 1, 2021, Plaintiff submitted an electronic application to work as a Senior Advisor II for Sales at Concentrix's Tempe, Arizona facility. (Doc. 23-1 at 10–11). The position provides telephone sales and services to Arizona customers. (Doc. 1 at ¶ 28). Plaintiff was hired on October 4, 2021 (Doc. 23-1 at 10) at an hourly wage rate of $20 per hour. (Doc. 1 at ¶ 30). Concentrix employees, such as Plaintiff, are eligible for various types of incentive pay if they meet certain metrics set by Concentrix. (*Id*. at ¶ 32).

When submitting his employment application, Plaintiff signed an acknowledgment (Doc. 23 at 4) that set forth, among other things, the following terms and conditions of employment with Concentrix:

> I agree that any lawsuit relating to my employment with Concentrix (or any of its subsidiaries or related entities) must be filed no more than six (6) months after the date of the employment action that is the subject of the lawsuit. I waive any statute of limitations period that is longer than six (6) months.

> I further agree that I will pursue any lawsuit relating to my employment with Concentrix (or any of Its subsidiaries or related entitles) as an Individual, and will not lead, join, or serve as a member of a class or group of persons bringing such a lawsuit.

> . . . .

> I HAVE READ CAREFULLY, HAD THE OPPORTUNITY TO ASK QUESTIONS ABOUT, UNDERSTAND, AND VOLUNTARILY AGREE TO THE ABOVE CONDITIONS OF ANY EMPLOYMENT THAT MAY BE OFFERED TO ME BY CONCENTRIX OR ANY RELATED ENTITY. I FURTHER ACKNOWLEDGE THAT PRIOR TO SIGNING THIS DOCUMENT I HAVE THE RIGHT TO SEEK LEGAL COUNSEL ABOUT THE TERMS, MEANING, AND EFFECT OF THE FOREGOING CONDITIONS OF EMPLOYMENT.

(Doc. 12-1 at 4–5). In accepting employment at Concentrix, Plaintiff signed a "Reaffirmation of Application Acknowledgment" ("Application Acknowledgement" or

"Acknowledgement") (Docs. 23 at 3; 23-1 at 4–7), which affirmed the above provisions.

In the Collective and Class Action Complaint (Doc. 1) ("Complaint"), Plaintiff alleges Concentrix failed to pay him all wages due— including regular time, overtime, and Paid Sick Time — with factored incentive pay. Plaintiff brings the following three causes of action: Count I for failure to pay overtime wages and preserve accurate time records under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 207 *et seq*.; Count II for failure to pay timely wages due under the Arizona Wage Statute A.R.S. § 23-350 *et seq*.; and Count III for failure to pay paid sick time under the Arizona Paid Sick Time Statute A.R.S. § 23-371 *et seq*. (Doc. 1 at ¶ ¶ 80–98).

Plaintiff seeks to bring Count I as a collective action under the FLSA, 29 U.S.C. § 201 *et seq*. (*Id*. at ¶ 66) on behalf of himself and all similarly situated current and former employees employed by Concentrix within the last three years prior to Plaintiff's filing of his Complaint. (*Id*. at  ¶ 2). Plaintiff further seeks to bring Counts II and III as a class action under the Federal Rules of Civil Procedure 23(a) and (b)(3) (*Id*. at ¶ 72) on behalf of himself and all similarly situated current and former Concentrix employees employed by Concentrix in Arizona from February 18, 2019, to present. (*Id*. at  ¶ 3).

## II.    Legal Standard

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003).   A complaint need not contain detailed factual allegations to avoid a Rule 12(b)(6) dismissal; it simply must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Ordinarily, a court may look only at the face of the complaint to rule on a motion to dismiss. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). If a district court considers evidence outside the pleadings when ruling on a Rule 12(b)(6) motion, it must normally convert the motion into a Rule 56 motion for summary judgment and give the nonmoving party an opportunity to respond. Fed. R. Civ. P. (12)(d); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *San Francisco Patrol Special Police Officers v. City & Cnty. of*

*San Francisco*, 13 F. App'x 670, 675 (9th Cir. 2001).

However, there are two exceptions to the above conversion requirement. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). First, a court may take judicial notice of matters of public record under Federal Rule of Evidence 201. *See San Francisco Patrol Special Police Officers*, 13 F. App'x at 675. Second, a court may consider "material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *Id.* The latter scenario is referred to as the "incorporation by reference" doctrine in the Ninth Circuit. *See e.g., Van Buskirk*, 284 F.3d at 980. The circuit court has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Ward v. Pima Animal Care Ctr. Officer Hinte*, No. CV-20-0076-TUC-BGM, 2021 WL 4478401, at *4 (D. Ariz. Sept. 30, 2021) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)).

When ruling on a motion to dismiss, the court accepts all factual allegations in the complaint as true and views the pleadings in light most favorable to the nonmoving party. *See Knievel*, 393 F.3d at 1072. That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678.  A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

## III.    Discussion

Concentrix moves to dismiss Plaintiff's collective and class action claims from the Complaint (Doc. 12 at 2) pursuant to the following waiver contained in the Application Acknowledgment signed by the Plaintiff:

I further agree that I will pursue any lawsuit relating to my employment with

- 4 -

> Concentrix (or any of Its subsidiaries or related entitles) as an Individual, and will not lead, join, or serve as a member of a class or group of persons bringing such a lawsuit.

(Doc. 12-1 at 5) (the "class action waiver"). Though not explicitly stated, the Court construes Concentrix's Motion to Dismiss as a Federal Rules of Civil Procedure 12(b)(6) motion for failure to state a claim alleging Plaintiff voluntarily and contractually waived his right to lead or participate in a collective or class action upon signing the Application Acknowledgment. (Doc. 12 at 2). In ruling on the Motion the Court will consider the Application Acknowledgement attached to both Concentrix's Motion (Doc. 12-1 at 4–6) and Plaintiff's Response (Doc. 23-1 at 4–7) under the incorporation by reference doctrine. *See supra* Section II. Because the plain language of the waiver is clear and unambiguous, the central issue in deciding this Motion is whether the class action wavier in the Acknowledgement is enforceable against the Plaintiff.[1]

It appears the parties agree that Arizona contract law applies to the present dispute. (*See* Docs. 12 at 3; 23 at 7, 10–11; 34 at 1, 3–4). *See also Longnecker v. Am. Exp. Co.*, 23 F. Supp. 3d 1099, 1106 (D. Ariz. 2014) ("A district court looks to state law in determining whether a valid, enforceable [] agreement exists." (internal citations omitted). Concentrix maintains the Acknowledgement is a valid, binding contract under Arizona law, and such waivers have been upheld as enforceable by other courts despite the absence of an arbitration agreement. Plaintiff argues the Acknowledgment should not be enforced against him because (1) certain terms therein are substantively and procedurally unconscionable; (2) the unconscionable terms cannot be severed from the rest of the Acknowledgment; and (3) public policy supports this case proceeding collectively instead of individually.

The Court will first discuss the validity of the Acknowledgment under Arizona law. The Court will then examine the parties' respective arguments regarding the enforceability of the provisions of the Acknowledgement. For the foregoing reasons, the Court concludes the portion of the Acknowledgement containing the class action waiver is enforceable.

---

[1] Plaintiff does not challenge the interpretation of the class action waiver provision, only the enforceability thereof.

1   Plaintiff may proceed with his claims individually but not as a class.

2   **A.      Validity of the Application Acknowledgement as a Binding Contract**

3   As to validity, Concentrix argues the Application Acknowledgment constitutes a
4   valid, enforceable contract between the parties and so Plaintiff is bound by the class waiver
5   provision. (Doc. 12 at 3–4). Concentrix represents Plaintiff assented to the
6   Acknowledgement terms as conditions of his employment when he accepted Concentrix's
7   employment offer. (*Id*. at 4). Plaintiff does not argue otherwise. The Court agrees and finds
8   the Acknowledgement constitutes a valid agreement between the parties. *See Muchesko v.*
9   *Muchesko*, 955 P.2d 21, 24 (Ariz. Ct. App. 1997) (explaining under Arizona law, "the
10  essential elements of a valid contract are an offer, acceptance, consideration, a sufficiently
11  specific statement of the parties' obligations, and mutual assent"); *see also Longnecker*, 23
12  F. Supp. 3d at 1109 (finding a valid contract existed when plaintiffs did not offer anything
13  to rebut the defendants' evidence).

14

15  **B.      Enforceability of the Application Acknowledgement**

16

17  As to enforceability, Concentrix argues the class action waiver set forth by the
18  Application Acknowledgement is enforceable under the FLSA. Plaintiff advances three
19  arguments in his Response against the enforceability of the class action waiver. First, he
20  argues the Acknowledgement is procedurally unconscionable. Second, he represents two
21  provisions in the Acknowledgement are substantively unconscionable: the class action
22  waiver and the clause curtailing the statute of limitations to bring individual claims to six
23  months. Third, he argues the unconscionable terms cannot be severed from the
24  Acknowledgment, rendering it entirely unenforceable. The Court will address each
25  argument in turn.

26  **1.      Whether FLSA Class Action Waivers are Enforceable Outside of**
           **the Arbitration Context**
27

28  The parties dispute whether a class action wavier in an employment contract that

1   does not include an arbitration clause or agreement can be enforced as a matter of law.

2   "The Ninth Circuit has not addressed this issue, although a number of other circuits have."

3   *Benedict v. Hewlett-Packard Co.*, 2016 WL 1213985, at *2 (N.D. Cal. Mar. 29, 2016)

4   (noting that a majority of circuit courts, including the Second, Third, Fourth, Fifth, Eighth,

5   and Eleventh Circuits have approved enforcement of collective action waivers).[2]

6   Accordingly, Concentrix cites to cases outside of this district, including district courts in

7   California, that hold class action waivers under the FLSA are enforceable despite the

8   absence of an arbitration agreement. (Doc. 12 at 6–7). These courts enforce FLSA class

9   action waivers brought outside the arbitration context on the rationale that bringing a

10  collective action under the FLSA is a procedural, not substantive, right. *See e.g.*, *Benedict*,

11  2016 WL 1213985, at *2; *Lu v. AT&T Servs., Inc.*, 2011 WL 2470268, at *3 (N.D. Cal.

12  June 21, 2011); *Kelly v. City of San Francisco*, 2008 WL 2662017, at *4 (N.D. Cal. June

13  20, 2008). While this Court has not yet considered this issue, Concentrix argues that the

14  Court should adopt the majority reasoning here. (Doc. 12 at 7).

15      Where Arizona law has not yet addressed a particular legal issue, "[i]t is well-

16  established that Arizona courts 'look approvingly to the laws of California' . . . . The caveat

17  to that principle, however, is that we 'follow the California cases in so far as their reasoning

18  is sound.'" *Cooper v. QC Financial Services, Inc.*, 503 F.Supp.2d 1266, 1285–86 (D. Ariz.

19  2007) (quoting *Moore v. Browning*, 203 Ariz. 102, 50 P.3d 852, 860 (Ariz. Ct. App. 2002)

20  (examining a class action waiver included in a customer application for a loan) (internal

21  citations omitted).

---

22  [2] *See e.g.*, *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297 (2d Cir. 2013) ("Supreme

23  Court precedents inexorably lead to the conclusion that the waiver of collective action claims is permissible in the FLSA context."); *see also e.g.*, *Vilches v. The Travelers*

24  *Companies, Inc.*, 413 F. App'x 487, 494 (3d Cir. 2011); *see also e.g.*, *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (4th Cir. 2002); *see also e.g.*, *Carter v. Countrywide Credit*

25  *Indus., Inc.*, 362 F.3d 294, 298 (5th Cir. 2004) ("[W]e reject the [appellants'] claim that their inability to proceed collectively deprives them of substantive rights available under

26  the FLSA."); *see also e.g.*, *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1052-53 (8th Cir. 2013) ("Even assuming Congress intended to create some 'right' to class actions [under

27  the FLSA], if an employee must affirmatively opt in to any such class action, surely the employee has the power to waive participation in a class action as well."); *see also e.g.*,

28  *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1336 (11th Cir. 2014) ("[FLSA] § 16(b) does not provide for a non-waivable, substantive right to bring a collective action.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Court finds that the California district's reasoning to enforce FLSA class action waivers is sound for two reasons. First, it is supported by Ninth Circuit and United States Supreme Court case law that generally characterize class action suits as waivable, procedural rights. *See generally Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013); *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1624–25 (2018); *Laver v. Credit Suisse Secs., LLC*, 976 F.3d 841, 837 (9th  Cir. 2020) (noting "it is important to understand that 'although class action waivers are often found in arbitration agreements [] the two contract terms are *conceptually distinct*'") (quoting *Cohen v. UBS Fin. Servs., Inc.*, 799 F.3d 174, 176 (2d Cir. 2015)). In *Laver*, the court found that the plaintiff's agreement not to pursue class litigation in any forum was not an "agreement to arbitrate." *Id.* at 847 (upholding a class waiver under the Financial Industry Regulatory Authority rules). It explained "an agreement to arbitrate 'is a promise to have a dispute heard in some forum *other than a court.*'" *Id.* (citing *Cohen*, 799 F.3d at 179). By contrast, a class or collective action waiver was a promise to forgo certain *procedural mechanisms* in court. *Id.* at 846.

Second, the California district's approach mirrors those followed by the Second, Third, Fourth, Fifth, Eighth, and Eleventh Circuits when dealing with FLSA class action waivers specifically. *See* cases cited *supra* note 2. A contrary ruling would be to follow a minority approach established by the Sixth Circuit. In *Killion v. KeHE Distributors*, the Sixth Circuit invalidated a FLSA class action waiver, finding that "a plaintiff's right to participate in a collective action cannot normally be waived." 761 F.3d 574 (6th Cir. 2014) (examining *Boaz v. FedEx Customer Information Services, Inc.*, 725 F.3d 603 (6th Cir. 2013). The court further distinguished the circuit courts' holdings on the issue by pointing out that those cases[3] addressed FLSA class action waivers that accompanied arbitration agreements. *Id.* at 591–592.

Concentrix characterizes *Killion* as an outlier as compared to the approach adopted by the other six circuit courts. The Court agrees. Notably, the court in *Benedict* also found the *Killion* ruling unpersuasive. *Benedict*, 2016 WL 1213985, at *5. The California district

---

[3] *See* cases cited *supra* note 2.

court explained that "other circuits have found [class action] waivers enforceable not because of the strong policy in favor of the [Federal Arbitration Act], but rather . . . because the FLSA's text, scheme, and legislative history reveal that the FLSA 'does not set forth a non-waivable substantive right to a collective action.' That conclusion holds regardless of whether or not the waiver is made in the context of arbitration." *Id.* (quoting *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1335). The Court finds this reasoning accurate and persuasive. Indeed, all of the California district court cases cited to by Concentrix, including *Benedict*, enforce FLSA class action waivers *outside* of the arbitration context. *See id.*; *see Lu*, 2011 WL 2470268, at *3; *see Kelly*, 2008 WL 2662017, at *4.

Lastly, the Court finds *Knight v. Concentrix Corp.*, as cited by Plaintiff, clearly distinguishable. 2019 WL 3503052 (N.D. Cal. Aug. 1, 2019). In *Knight*, the Northern District of California court allowed a conditionally certified class action suit to proceed against Concentrix for unpaid overtime wages under the FLSA. *Id.* at *1. Plaintiff urges this Court to follow the California district court in rejecting "Concentrix's position that the case should not proceed collectively as a result of the purported waiver." (Doc. 23 at 10). However, Concentrix correctly points out that, unlike Plaintiff, the *Knight* plaintiffs did not sign collective and class action waivers. Therefore, *Knight* is inapplicable here.[4]

Therefore—following the California district courts and the Second, Third, Fourth, Fifth, Eighth, and Eleventh Circuits—this Court finds the FLSA class action waiver  is enforceable.

## 2. Whether the Application Acknowledgment is Unconscionable

Rather than addressing whether the class action waiver is enforceable in isolation,

---

[4] In *Knight*, Concentrix argued it began entering into class and collective action waivers with employees on December 28, 2018, while the plaintiffs in that action filed their collective action complaint on November 21, 2018. *Knight*, 2019 WL 3503052, at *1, *4. The court declined to "make individual determinations of whether each putative class member waived their right to proceed in this action" because those determinations would predominate over the litigation for class action purposes and "put the proverbial cart before the horse." *Id.* at *4.

1    Plaintiff primarily argues the Application Acknowledgement is unconscionable when

2    interpreted as a whole and, therefore, unenforceable. *See Clark v. Renaissance W., LLC*,

3    307 P.3d 77, 79 (Ariz. Ct. App. 2013) ("An unconscionable contract is unenforceable.")).

4    The Arizona Supreme Court has recognized two types of contractual unconscionabilities:

5    procedural and substantive. *Nickerson v. Green Valley Rec., Inc.*, 265 P.3d 1108, 1117

6    (Ariz. Ct. App. 2011). Plaintiff argues the Acknowledgment is unconscionable under both

7    theories. Whether a contract is unconscionable is a question of law. *Clark*, 307 P.3d at 79.

8                            **i.      Procedural Unconscionability**

9            Plaintiff argues the Application Acknowledgement is procedurally unconscionable

10   because it is a contract of adhesion[5] where Concentrix had "overwhelming bargaining

11   power" in presenting a contract "on a take-it-or-leave-it basis." (Doc. 23 at 16–17).

12   Adhesive contracts are not *per se* unconscionable under Arizona law. *Broemmer v.*

13   *Abortion Servs. of Phoenix, Ltd.*, 840 P.2d 1013, 1016 (1992). "A contract of adhesion is

14   only unenforceable if it does not fall within the reasonable expectations of the weaker party

15   and if the contract is unconscionable." *Longnecker*, 23 F. Supp. 3d at 1109 (internal

16   citations omitted).

17          Procedural unconscionability "is concerned with 'unfair surprise,' fine print

18   clauses, mistakes or ignorance of important facts or other things that mean bargaining did

19   not proceed as it should." *Nickerson*, 265 P.3d at 1118 (quoting *Maxwell v. Fidelity Fin.*

20   *Servs.*, 907 P.2d 51, 51–8 (Ariz. 1995). Courts should consider the following additional

21   factors when determining procedural unconscionability: "the real and voluntary meeting of

22   the minds of the contracting party[,] age, education, intelligence, business acumen and

23   experience, relative bargaining power, who drafted the contract, whether the terms were

24   explained to the weaker party, whether alterations in the printed terms were possible, [and]

25   _____

26   [5] A contract of adhesion is "typically a standardized form offered . . . [on] a take it or leave
     it basis without affording [] a realistic opportunity to bargain and under such conditions
27   that the consumer cannot obtain the desired product or services except by acquiescing in
     the form contract." *Wernett v. Serv. Phoenix, LLC*, No. CIV09-168-TUC-CKJ, 2009 WL
28   1955612 (D. Ariz. July 6, 2009) (quoting *Broemmer*, 840 P.2d at 1015 (internal quotations
     omitted)).

1    whether there were alternative sources of supply for the goods in question." *Maxwell*, 907

2    P.2d at 558 (internal citations omitted).

3         Plaintiff argues the Application Acknowledgement: (1) did not give him the

4    opportunity to ask questions; (2) did not give him the opportunity to hire an attorney to

5    fully understand its legal ramifications; (3) required him to sign the contract electronically

6    in order to be first considered for the position; and (4) did not give him the ability to opt

7    out of provisions he did not agree to. (Doc. 23 at 15). Plaintiff reasons that these aspects

8    coupled with his status as a low income worker render the Acknowledgement procedurally

9    unconscionable.

10        Concentrix argues "mere inequality in bargaining power" is not sufficient to deem

11   the Acknowledgement as procedurally unconscionable because "[e]ven where terms are

12   non-negotiable or the weaker party does not understand all of them, an agreement will be

13   enforced so long as it is neither unreasonable nor unduly oppressive." (Doc. 34 at 4

14   (quoting *Aldrete v. Metro Auto Auction LLC*, 2022 WL 60544, at *3 (D. Ariz. Jan. 6,

15   2022)). The Court will address each of Plaintiff's four arguments in turn.[6]

16        When accepting all factual allegations in the complaint as true and viewing the

17   pleadings in light most favorable to Plaintiff, *see Knievel*, 393 F.3d at 1072, the Court

18   cannot conclude the Application Acknowledgement is unreasonable or unduly oppressive.

19   As aforementioned, the Acknowledgement contains the following language above the

20   signature line:

21        I HAVE READ CAREFULLY, HAD THE OPPORTUNITY TO ASK
22        QUESTIONS ABOUT, UNDERSTAND, AND VOLUNTARILY AGREE
         TO THE ABOVE CONDITIONS OF ANY EMPLOYMENT THAT MAY
23        BE OFFERED TO ME BY CONCENTRIX OR ANY RELATED ENTITY.
24        I FURTHER ACKNOWLEDGE THAT PRIOR TO SIGNING THIS
         DOCUMENT I HAVE THE RIGHT TO SEEK LEGAL COUNSEL
25

26   ――――――――――――――――
     [6] In making his argument, Plaintiff's supporting authorities are all cases out of this district.
27   *See e.g., Edwards v. Chartwell Staffing Sol.*, 2017 WL 10574360 (C.D. Cal. May 30, 2017);
     *see also e.g., Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 381, 385 (6th Cir.
28   2005); *see also e.g., Shockley v. PrimeLending*, 929 F.3d 1012, 1019-20 (8th Cir. 2019).
     Moreover, these cases all have to do with arbitration provisions in an employment
     application, which is not at issue here.

- 11 -

ABOUT THE TERMS, MEANING, AND EFFECT OF THE FOREGOING
CONDITIONS OF EMPLOYMENT.

(Doc. 12-1 at 5). Addressing Plaintiff's first and second arguments, the Acknowledgement features clear, conspicuous, uppercase text that informed Plaintiff he could ask questions about the Acknowledgement and had the right to seek legal counsel to fully understand its legal ramifications. *See Aldrete*, 2022 WL 60544, at *4 (rejecting plaintiff's factual assertion that she was not given an opportunity to read and understand the agreement before signing due to the plain language of the agreement she signed); *see also Scott-Ortiz v. CBRE Inc.*, 501 F. Supp. 3d 717, 725–726 (D. Ariz. 2020) (enforcing an offer letter that invited plaintiff to ask questions). Further, Plaintiff does not allege that he made any attempt to ask questions or seek legal counsel, as permitted by the Acknowledgement.

Addressing Plaintiff's third argument, the uppercase language further affirmed he voluntarily agreed to the employment conditions contained in the Acknowledgement. (Doc. 12-1 at 5). *See Scott-Ortiz*, 501 F. Supp. 3d at 725–726 (rejecting plaintiff's procedural unconscionability argument while noting plaintiff "had to log onto the [defendant employer's] website and affirmatively verify that he was accepting the offer letter's terms"). Plaintiff does not allege Concentrix deceived or pressured Plaintiff to sign the Acknowledgement. Thus, the requirement to electronically sign a contract is not indicative of "overwhelming bargaining power."

Regarding Plaintiff's fourth argument, the court is not convinced that the nature of the Acknowledgement as a "take-it-or-leave-it basis" supports a finding of procedural unconscionability. Plaintiff has not alleged he would have declined Concentrix's offer of employment if he had understood the Acknowledgement required him to waive certain rights, such as the procedural right to a class action. *See e.g., Longnecker*, 23 F. Supp. 3d at 1109; *see also e.g., Equal Employment Opportunity Commission v. Cheesecake Factory, Inc.*, 2009 WL 1259359, at *3 (D.Ariz. May 6, 2009) ("Neither [plaintiff] states he would have declined [defendant's] offer of employment if he had understood the Arbitration Agreement required employees to seek resolution of employment disputed in an arbitral

rather than a judicial forum. Mere inequality in bargaining power is not sufficient to invalidate an arbitration agreement.").

Therefore, this Court finds the Application Acknowledgement is not procedurally unenforceable.

### ii.     Substantive Unconscionability

Alternatively, Plaintiff argues the Acknowledgement is substantively unconscionable primarily due to the provision shortening the applicable statute of limitations ("SOL") under the FLSA, 29 U.S.C. § 255, from two–three years to six months. A finding that the Acknowledgement is substantively unconscionable alone may render the agreement unenforceable despite the absence of procedural unconscionability. *Tinker v. CrimShield, Inc.*, 2022 WL 4970223, at *2 (D. Ariz. Oct. 4, 2022). Substantive unconscionability describes a contract that is "unjust or 'one-sided.'" *Maxwell*, 907 P.2d at 58 (quoting 2 Dan B. Dobbs, *Law of Remedies* § 10.7, at 706 (2d ed. 1993)). In making this determination, a court examines: "the relative fairness of the obligations assumed by the parties, including whether the 'contract terms are so one-sided as to oppress or unfairly surprise an innocent party,' whether there exists 'an overall imbalance in the obligations and rights imposed by the bargain,' and whether there is a 'significant cost-price disparity.'" *Nickerson*, 265 P.3d at 1118–19 (quoting *Maxwell*, 907 P.2d at 58). According to the Arizona Supreme Court, substantive unconscionability is important in two ways: (a) "substantive unconscionability sometimes seems sufficient in itself to avoid a term in the contract" and (b) substantive unconscionability may be utilized as "evidence of procedural unconscionability." *Maxwell*, 907 P.2d at 58 (quoting 2 Dan B. Dobbs, *Law of Remedies* § 10.7, at 706 (2d ed. 1993)).

As a threshold matter, Concentrix suggests this Court should not consider Plaintiff's unconscionability argument regarding the Acknowledgement's shortened SOL because it is "irrelevant and moot." (Doc. 34 at 3). Concentrix contends the provision is not at issue because Concentrix cannot enforce the six-month limitations period against Plaintiff, who

undisputedly filed his claims within the six-month period allowed under the Acknowledgement. (*Id.*) The Court is not convinced by this proposition because, as outlined above, Arizona law implies courts should consider the contract as a whole to determine whether it is substantively unconscionable.[7] Furthermore, Concentrix's only support is a Washington state court decision that did not examine a class action waiver or a statute of limitations under the FLSA. *Zuver v. Airtouch Comm., Inc.*, 103 P.3d 753, 759–61 (Wash. 2004) (applying Washington state contract principles to moot plaintiff's claim that a fee-splitting provision was substantively unconscionable since defendant agreed to pay the arbitrator's fees). The Court will therefore proceed to consider whether the Acknowledgement's shortening of the SOL under the FLSA is substantively unconscionable under Arizona law.

The Court agrees with Plaintiff that shortened SOL provisions like this one impermissibly "modify an employee's substantive legal rights" and should be invalidated. (Doc. 23 at 10). Concentrix represents that Arizona courts allow parties to contractually shorten SOLs while Plaintiff's position relies on non-binding California law. (Doc. 34 at 2). Concentrix is correct that Arizona law permits parties to shorten an applicable SOL by express contractual provision "subject to some limitations." *PNC Bank, N.A. v. Stromenger*, 2016 WL 4434310, at *7, ¶ 10 (Ariz. Ct. App. Aug. 22, 2016) (citing *Angus Med. Co. v. Digital Equip. Corp.*, 840 P.2d 1024, 1031-33 (Ariz. Ct. App. 1992). However, none of Concentrix's authorities upholding a contractual shortening of an SOL implicate claims brought specifically under the FLSA. *See Angus Medical Co. v. Digital Equipment*, 840 P.2d 1024 (Ariz. Ct. App. 1992) (examining breach of contract and tort claims based on a contract between parties that allowed defendant to convert plaintiff's software program to operate on defendant's personal computers); *WineStyles Inc. v. GoDaddy.com,*

---

[7] *See e.g., Nickerson*, 265 P.3d at 1118–19 (using all-inclusive language when setting forth determining factors, such as "fairness of the *obligations* assumed;" "whether the contract *terms* are so one-sided;" and "whether there exists an *overall* imbalance in the *obligations* and *rights* imposed") (internal quotations omitted) (emphasis added). *See also e.g., Maxwell*, 907 P.2d at 58 (using all-inclusive language to explain "[s]ubstantive unconscionability concerns the actual *terms* of the contract") (emphasis added).

*LLC*, No. CV 12-583-PHX-SRB, 2012 WL 8254047 (D. Ariz. Aug. 15, 2012) (examining breach of contract claims based on a terms of service agreement between an internet service provider and customer); *Nangle v. Famers Ins. Co. of Ariz.*, 73 P.3d 1252 (Ariz. Ct. App. 2003) (examining a claim for damages based on a fire insurance policy); see also *Soltani v. W & S Life Ins. Co.*, 258 F.3d 1038 (9th Cir. 2001) (examining a wrongful termination claim against an insurance company).

The Court finds Plaintiff's California district court authorities are more persuasive because they directly deal with contractually shortened SOLs on FLSA claims. (Doc. 23 at 10). Like Arizona, California law "generally uphold[s] a contractually shortened statute of limitations." *Compare Zaborowski v. MHN Gov't Servs. Inc.*, 936 F.Supp.2d 1145, 1153 (N.D. Cal. 2013) *with PNC Bank*, 2016 WL 4434310, at *7. But this general rule is not without its limitations. In *Zaborowski*, for example, the California district court held a six-month SOL in an employment contract was unconscionable because that time frame was not sufficient for plaintiffs to discover the alleged FLSA overtime wage violations. The Court found the longer SOL in the FLSA was integral to a plaintiff's ability to bring an FLSA claim because such claims necessarily rely on the defendant's treatment of plaintiffs over a span of time. 936 F.Supp.2d at 1153. Likewise, in *Adams v. Inter-Con Sec. Sys., Inc*, the California district court held a one-year SOL in an employment contract was unconscionable because it denied the plaintiffs benefits granted to them by, among other things, the FLSA. 2007 WL 9810966 (N.D. Cal. Mar. 13, 2007) (citing *Veliz v. Cintas Corp.*, 2004 WL 2452851 (N.D. Cal. Apr. 5, 2004), *modified on reconsideration*, 2005 WL 1048699 (N.D. Cal. May 4, 2005) (finding the difference between a one-year contractual SOL and the SOL under the FLSA was unconscionable because it prevented a party from effectively "vindicating a cause of action for willful infringement of the FLSA").

The Court agrees with the rationale of these cases. In the context of FLSA claims, it seems reasonable that Arizona law would recognize a limitation on the general rule that parties in Arizona may contractually shorten SOLs. Moreover, the California district court holdings discussed above are consistent with the Supreme Court ruling that "FLSA rights

cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 740 (1981). This district has previously held "a contract that waives FLSA rights is unconscionable and unenforceable under *Barrentine*." *Guglielmo v. LG&M Holdings LLC*, 2019 WL 3253190, at *4 (D. Ariz. July 19, 2019); *see also Cabanillas v. 4716 Inc.*, 2021 LEXIS 160934 at *2 (D. Ariz. August 25, 2021).

Therefore, the Court views the Application Acknowledgement's provision shortening the applicable SOL under the FLSA, 29 U.S.C. § 255, from two–three years to six months is substantively unconscionable because it abridges Plaintiff's rights under the FLSA. The Application Acknowledgement is therefore unconscionable and unenforceable under *Barrentine*. 450 U.S. at 740; *see also Tinker*, 2022 WL 4970223, at *2 ("An agreement may be found unenforceable based on substantive unconscionability alone.").

### iii.    Whether the Unconscionable Terms are Severable from the Application Acknowledgement

Having concluded that the SOL provision in the Application Acknowledgement is substantively unconscionable, the Court must consider if it is severable from the contract or otherwise renders the entire contract unenforceable. Plaintiff points out the Acknowledgement itself does not contain a severance clause that would allow the Court to sever any unconscionable terms and enforce the remaining agreement. However, Concentrix suggests that the Court may sever unconscionable provisions from the Acknowledgment despite the absence of a severability clause. (Doc. 34 at 4) (citing *Fearnow v. Ridenour Swenson, Cleere & Evans, P.C.* to 138 P.3d 723, 731 (2006) (applying "the blue pencil rule"[8] to sever restrictive covenants from a contract with no severance clause). The question then is whether severability is an appropriate remedy despite absence of express intent in the Acknowledgement.

---

[8] Arizona courts will "blue pencil" restrictive covenants, eliminating grammatically severable, unreasonable provisions. *Valley Med. Specialists v. Farber*, 982 P.2d 1277, 1286 (1999).

Resolving severability issues requires an assessment of the contract terms itself and potential remedies. Arizona courts look to the contractual language itself as the "'primary' determinant of whether provisions of a contract are severable[.]" *Guglielmo*, 2019 WL 3253190, at *2 (quoting *Kahl v. Winfrey*, 303 P.2d 526, 529 (Ariz. 1956). Arizona courts may ignore the unlaw parts of a contract "[i]f it is clear from its terms that a contract was intended to be severable." *Olliver/Pilcher Ins., Inc. v. Daniels*, 715 P.2d 1218, 1221 (Ariz. 1986).

To remedy a contract with a substantively unconscionable provision, Arizona courts have looked to the Restatement (Second) of Contracts (1981) (the "Restatement") and the Uniform Commercial Code ("UCC") as enacted at A.R.S. § 47–2302.[9] Both provide:

> a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term, or may so limit the application of any unconscionable term as to avoid any unconscionable result.

Restatement (Second) of Contracts § 208 (1981); A.R.S. § 47–2302(A); *see Maxwell*, 907 P.2d at 60. Deciding which severability remedy to apply is dependent on two policy factors. Severance of a clause is disfavored when (1) the agreement as a whole contains "an insidious pattern that provides the employer with undue advantages in employment related disputes," *Scott-Ortiz v*, 501 F. Supp. 3d at 728 (quoting *Wernett v. Serv. Phoenix, LLC*, 2009 WL 1955612, at *9 (D. Ariz. July 6, 2009); or (2) the unconscionable provisions permeate the entire agreement. *Wernett*, 2009 WL 1955612, at *9 (citing *Ferguson v. Countrywide Credit Industries, Inc.*, 298 F.3d 778, 787–88 (9th Cir. 2002)).

---

[9] As mentioned, this case is distinct because it involves a class action waiver in an employment contract that is independent of any agreement to arbitrate. The latter is not present here. In this district, a vast majority of the cases that have considered whether to sever unconscionable contract terms have done so in the context of discussing the enforceability of arbitration agreements governed by the Federal Arbitration Act ("FAA"). *See, e.g., Edwards v. Nutrition*, 2018 WL 637382, at *1 (D. Ariz. Jan. 31, 2018); *see also, e.g., Scott-Ortiz*, 501 F. Supp. 3d at 724; *see also, e.g., Wernett*, 2009 WL 1955612, at *1. In those cases, the FAA applies to contracts "evidencing a transaction involving commerce," which "includes employment contracts." *Scott-Ortiz*, 501 F. Supp. 3d at 724. Although our case is not governed by the FAA nor the UCC, the UCC remains instructive. *Angus Med. Co.*, 840 P.2d at 1032 n.3. Thus, the court will consider the remedies set forth by section 208 of the Restatement and A.R.S. § 47–2302(A) as well as the relevant policy factors.

Applying these considerations, the Court will sever the unconscionable SOL provision and enforce the remainder of the Application Acknowledgement. First, there is no contention that the Acknowledgement is representative of Concentrix's insidious pattern to provide  undue advantages in employment related disputes. Moreover, the Court does not believe the offending SOL provision permeates the entire agreement such that the remainder should not be enforced. As Concentrix points out, the SOL provision is not at issue here.  As such, it is far from clear that the challenged SOL provision would have any impact on Plaintiff's ability to seek recovery. *See Scott-Ortiz*, 501 F. Supp. 3d at 727. Notably, the provision also does not specifically limit the SOL of FLSA claims. Instead, it applies broadly to "any lawsuit relating to [] employment with Concentrix[.]" (Doc. 12-1 at 4). In this case, severance of the single defective clause will not compromise the purpose of the entire agreement. *See Scott-Ortiz*, 501 F. Supp. 3d at 727 (plaintiff voiced substantive objections to only one clause within the agreement).

Therefore, the Court will sever the unconscionable SOL provision and enforce the remainder of the Application Acknowledgement, which includes the enforceable class action wavier. *See Wernett*, 2009 WL 1955612, at *5–6. (severing a provision in a contract of adhesion that shortened the applicable SOL under Title VII to six months despite the absence of a severability clause).

**III.     Conclusion**

The Court grants Concentrix's Motion to Dismiss Plaintiff's Collective and Class Action Complaint (Doc. 12). The Application Acknowledgement signed by the Plaintiff constitutes a valid, binding contract, and the class action waiver therein is enforceable. The Court severs the unconscionable statute of limitation provision in the Acknowledgement and enforces the remainder of the Acknowledgement against the Plaintiff. Therefore, Plaintiff must bring his three causes of action as an individual.

Accordingly.

**IT IS HEREBY ORDERED** that Concentrix's Motion to Dismiss Plaintiff's Collective and Class Action Complaint (Doc. 12) is **GRANTED. Plaintiff may proceed**

1   **with his claims individually, but not as a class.**

2     **IT IS FURTHER ORDERED** that Plaintiff's Motion to Certify Class, to Authorize

3   Notice, and for Expedited Discovery (Doc. 19) is **DENIED** as moot.

4     **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Under Seal

5   (Doc. 20) is **DENIED** as moot.

6     Dated this 7th day of December, 2022.

7

8

9                      _____
             Honorable Diane J. Humetewa

10                United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28